UNITED STATES of America, Plaintiff,

v.

**Rogerio Chaves SCOTTON, Defendant.**

**Case No. 12–60049–CR.**

United States District Court, S.D. Florida.

Jan. 3, 2014.

Bertha R. Mitrani, United States Attorney's Office, Fort Lauderdale, FL, for Plaintiff.

Jason Wyatt Kreiss, Fort Lauderdale, FL, for Defendant.

Rogerio Chaves Scotton, Miami, FL, for Defendant.

*ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S MOTION TO COMPEL VARIOUS PROCEDURAL MATTERS [DE 207]*

WILLIAM MATTHEWMAN, United States Magistrate Judge.

THIS CAUSE is before the Court upon Defendant, Rogerio Chaves Scotton's *Pro Se* Motion to Compel Various Procedural Matters [DE 207].[1] This matter was referred to the undersigned by United States District Judge Robin S. Rosenbaum [DE 210]. In his Motion, and as further explained by Defendant at the sealed, *ex parte* hearing held on this matter on Tuesday, December 10th, 2013, Defendant requested, *inter alia,* that the U.S. Marshals Service serve subpoenas on numerous individuals,[2] instructing them to appear and testify at Defendant's upcoming trial. The Court found that Defendant was indigent and unable to pay the costs and expenses associated with the issuance and service of the subpoenas he requested under Federal Rule of Criminal Procedure 17(b). The Court authorized service of a large number of the trial subpoenas Defendant requested at the December 10th,

2013 hearing, but the lengthy hearing had to be continued to hear further argument and render rulings on the remaining subpoenas Defendant sought.[3] The Court continued the hearing until December 23rd, 2013 [DE 231]. At the December 23rd, 2013 continuation of Defendant's sealed, *ex parte* hearing on this matter, Defendant refused to participate in the hearing and refused to seek approval for his remaining subpoena requests.[4] Defendant stated that he would not participate in the hearing. Defendant was warned that his trial was set for January, 2014, and that his conduct may preclude him from having trial witness subpoenas issued. Defendant nonetheless refused to participate in the hearing. In light of Defendant's unwillingness to participate in the proceedings, the Court terminated the hearing and denied Defendant's remaining subpoena requests. In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's *Pro Se* Motion to Compel Various Procedural Matters [DE 207] is **GRANTED IN PART AND DENIED IN**

1. The Court previously entered an Order [DE 248] which addressed other matters raised in Defendant's Motion [DE 207]. This Order addresses Defendant's request for service of trial subpoenas contained in DE 207.

2. Defendant's written motion [DE 207] listed 33 witnesses, many with insufficient names and/or addresses, as well as listing other general categories of witnesses, such as "TEC employees from DHL, UPS and FedEx that has collect the phone record evidence and video to testify...." [DE 207, pp. 3–5]. At the sealed, *ex parte* hearing, Defendant stated he needed to subpoena approximately 140 witnesses for trial.

3. The Court also authorized 3 subpoenas Defendant requested of his mother, step-father, and another relative for an evidentiary hearing on a defense motion scheduled for December 19th, 2013 [DEs 230, 233].

4. Apparently, Defendant was upset by the evidentiary hearing held on December 19th, 2013 on Defendant's motions [DEs 218, 220, 247]. It should be noted that Defendant requested an evidentiary hearing and this Court granted an evidentiary hearing. Further, Defendant sought the issuance of Rule 17(b) subpoenas for the evidentiary hearing to his mother, Marina Colon, his step-father, Carlos Manuel Colon, and another family member, which the Court granted [DEs 230, 233]. At the evidentiary hearing, Defendant chose to put his mother, step-father, and Special Agent Van Brunt on the stand. However, Defendant now is upset about that evidentiary hearing and therefore refused to address the remaining trial subpoena issues at the December 23rd, 2013 hearing. This conduct evidences Defendant's continuing frivolous and obstructive behavior in this case.

PART, in light of Defendant's refusal to participate in the December 23rd, 2013 continuation of the hearing on his trial subpoena requests. A separate order shall be entered directing the U.S. Marshals to serve the trial witness subpoenas approved by the Court at the December 10th, 2013 hearing.